STATE *ex rel.* DIST. ATTY. *et al. v.* LYTTON *et al.*

*(Knoxville,* September Term, 1937.)

Opinion filed Nov. 27, 1937.

92

Fowler & Fowler and J. Pike Powers, Jr., all of Knoxville, for complainant.

Joel H. Anderson, of Knoxville, for B. L. Lytton and others.

Mr. Justice Cook delivered the opinion of the Court.

The bill was filed upon relation of the District Attorney and a committee of the Knoxville Bar Association against Mae Lytton, operating a collection agency styled "Lytton Adjustment Bureau." It was charged that defendant is engaged in the practice of law contrary to chapter 30, Pub. Acts 1935, and by Code, section 9316, the conduct of the business is a nuisance. The complainants prayed for an injunction to restrain the alleged illegal activities of defendant.

By stipulation, two questions were reserved for adjudication; it being agreed that by final decree defendant should be enjoined from:

(a)  Accepting claims for collection with the agreement that suit be brought thereon either by them or by an attorney in their employ.

(b)  Drawing a civil warrant, in the capacity of an agent, attorney, or advocate, to be issued by a justice of the peace, or from drawing any other pleading in any pending or propective suit, or any affidavit or any paper to be filed therein; and from appearing as an advocate or attorney in a justice of the peace court or any other court on behalf of a creditor.

(c)  Appropriating to their own use, or to the use of their employees, or attorneys in their employ, any portion of sums collected from debtors as attorney's fees on notes or commercial paper or contracts authorizing the collection of attorney's fees.

(d)  Taking any action, as an advocate or solicitor, in any cause pending before a justice of the peace or in any court in which action a party other than themselves is the plaintiff or the real party in interest, and from causing such action to be taken by any attorney in their employ.

(e)  Charging fees for services rendered as an advocate, solicitor, or attorney, in any suits heretofore or hereafter brought for and on behalf of creditors represented by them in a court of any justice of the peace, or any other court in this state, or in the United States District Court.

(f)  Advising or counseling for a valuable consideration any person, partnership, or corporation, as to any secular law, or the doing of any acts for a valuable consideration in the capacity of a lawyer for the purpose of obtaining or which would tend to secure for any per-

son, firm, association or corporation, any property, or property rights whatsoever.

(g) Practicing law by themselves or through any person or corporation whatsoever, or through licensed attorneys in their employ.

(h) Employing a deputy sheriff on a salary.

(i) Appropriating to their own use any part of the costs which are taxed against parties to any litigation in behalf of the officer performing services in such causes of action.

(j) Retaining or keeping in their office for a longer time than necessary to make copies thereof, original papers issued by or filed in any office of the justice of the peace or any other court.

The questions submitted to the court are:

First. Whether or not defendant, by agreement and contract with creditors who employ her as collection agent, can upon their direction select and employ a licensed attorney to represent them in any court proceeding found necessary to collect the claim; and whether such employment of the attorney would establish, as between the creditor and the attorney, the relation of attorney and client.

Second. Whether or not the defendant may, as agent of the judgment creditor, demand execution, place it in the hands of an officer, and aid and direct the officer in collecting the judgment by making investigations, locating property of debtors, and advising about the levy of execution direct or by garnishment.

The chancellor held that defendant could employ attorneys for patrons when necessary to collect their claims, but could not agree with attorneys upon the fee to be paid for their service; and could not take steps to

collect claims reduced to judgment by the lawyer, unless authorized by the creditor after rendition of the judgment. Both parties appealed. The defendant insists that the chancellor erred in holding that she could not, in the employment of an attorney for a creditor, agree upon the fee for the attorney's services; and could not, unless authorized by the creditor, demand execution upon claims reduced to judgment by the lawyer employed by her to represent the creditor. The complainant insists that the chancellor should have held that defendant's authority as collecting agent was limited to dunning the debtor, without threat of suit, and that defendant could not, by direction of the patron, create, as between the patron and lawyer, the relation of attorney and client. The chancellor endeavored to observe the rule that forbids collection agencies using the office of an attorney at law as a mere instrument through which to exact commissions for collecting debts, and at the same time sought to avoid invasion of the right of contract.

██ Those at a distance and those without opportunity to act for themselves may without impropriety or violation of any law employ an agent to aid them in the collection of a debt, and the agent may do what the principal may legally do. The agent could employ an attorney by authority of the principal, and, when directed by the principal, could, as the chancellor said, demand execution on judgments, and beyond that could aid the officer in finding property from which payment could be enforced. None of these acts involves the practice of law. *State ex rel. v. Credit Men's Association,* 163 Tenn., 450, 464, 43 S. W., (2d), 918.

█ It would be contrary to well-known principles of

the law of agency and of contract for the court to limit the authority of the agent solely to the employment of an attorney, notwithstanding the principal, by the contract of agency, authorized the agent to employ the attorney without limiting the authority to make such employment.

The principal may authorize the agent to employ an attorney to represent him, and unlimited authority to employ would imply authority to agree upon the compensation to be paid for the attorney's services. The chancellor's decree should be accordingly modified.

██ ██ Under the facts presented by the record, the employment of a lawyer by the agent on behalf of the patron would create the relation of attorney and client, as between the patron and the lawyer. The patron would become the client of the lawyer so employed, and not the client of the agent. Control of the claim would be transferred to the lawyer, and the collection agent originally employed would lose control over it, and, as held by the chancellor, the defendant could not exercise control over the judgment into which the claim merged, without authority of the judgment creditor.

As modified, the decree of the chancellor is affirmed.